IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-00961-NRN

KEYA KALANTARI and
ETHAN LAGE,

      Plaintiffs,

v.

CHENEGA GLOBAL PROTECTION, LLC,

      Defendant.

---

**ANSWER AND DEFENSES TO PLAINTIFFS' AMENDED INDIVIDUAL AND CLASS
AND COLLECTIVE ACTION COMPLAINT**

---

      Defendant Chenega Global Protection, LLC, by and through its counsel, Jackson Lewis P.C., hereby submits its Answer and Defenses to the Plaintiffs' Amended Individual and Class and Collective Action Complaint ("Complaint") of Plaintiffs Keya Kalantari and Ethan Lage ("Plaintiffs") as follows:

## PARTIES

      1.    Plaintiffs Kalantari and Lage are Colorado residents.

      **ANSWER:**   Defendant is without sufficient information to admit or deny the allegations in Paragraph 1 of Plaintiffs' Complaint, and therefore, denies the same.

      2.    Kalantari was employed by Defendant from approximately July of 2019 to July 31, 2024.

**ANSWER:** Defendant admits the allegations in Paragraph 2 of Plaintiffs' Complaint.

3. Lage was employed by Defendant from approximately March of 2018 until approximately April of 2024.

**ANSWER:** Defendant denies the allegations in Paragraph 3 of Plaintiffs' Complaint. Defendant employed Plaintiff Lage from March 2018 to May 2024.

4. Plaintiffs may be contacted through their counsel of record at the Wilhite & Miller Law Firm, located at 1600 N. Ogden Street, Denver, Colorado 80218.

**ANSWER:** Paragraph 4 of Plaintiffs' Complaint is not a factual allegation to which a response is required. To the extent a response is required, Defendant denies the allegations.

5. Chenega is an Alaska company, the principal office for which is located at 3000 C Street, Suite 301, Anchorage, AK, 99503, which also serves as its principal mailing address.

**ANSWER:** Defendant admits the allegations in Paragraph 5 of Plaintiffs' Complaint.

6. According to its registration with the Colorado Secretary of State, Chenega's registered agent is Cogency Global, Inc., located at 617 17th Street, Suite 1450S, Denver, CO 80202.

**ANSWER:** Defendant admits the allegations in Paragraph 6 of Plaintiffs' Complaint.

2

## JURISDICTION AND VENUE

7.     Plaintiffs hereby incorporate the allegations in each of the foregoing paragraphs as though fully set forth herein.

**ANSWER:** Defendant incorporates by reference all of its prior factual averments, denials, and defenses.

8.     This Court has original jurisdiction over this civil action pursuant to Article 6 § 9(1) of the Colorado Constitution and 29 U.S.C. § 216(b).

**ANSWER:**  Defendant admits that this Court has jurisdiction over Plaintiffs' claims in this matter. Defendant denies the remainder of the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9.     Chenega maintains a security services operation in Larimer County, Colorado and conducts substantial business in this jurisdiction.

**ANSWER:**   Defendant admits the allegations in Paragraph 9 of Plaintiffs' Complaint.

10.     The facts and circumstances giving rise to this Complaint occurred in Larimer County, Colorado.

**ANSWER:**   Defendant admits the allegations in Paragraph 10 of Plaintiffs' Complaint.

11.     Venue is proper under C.R.C.P. 98 (b) and (c) because Chenega conducts business in Larimer County, Colorado and Plaintiffs seek penalties under the C.R.C.P. Rule 98(b)(1).

3

**ANSWER:** Defendant admits that the venue for Plaintiffs' claims in this matter is proper. Defendant denies the remainder of the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12.    This case is brought under C.R.C.P. Rule 16 because Plaintiffs and the putative class members seek a monetary judgment from the Defendant of more than $100,000, exclusive of interests and costs. *See* C.R.C.P. Rule 16.1(b)(2).

**ANSWER:** Paragraph 12 of Plaintiffs' Complaint is not a factual allegation to which a response is required. To the extent a response is required, Defendant denies the allegations.

## FACTUAL ALLEGATIONS

13.    Plaintiffs hereby incorporate the allegations in each of the foregoing paragraphs as though fully set forth herein.

**ANSWER:** Defendant incorporates by reference all of its prior factual averments, denials, and defenses.

14.    At all times relevant to this Complaint, Plaintiffs and the Class Members were "employee[s]" of Chenega under the Colorado Wage and Hour Law. See C.R.S. § 8-4-101(5).

**ANSWER:** The allegations contained in Paragraph 14 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

15.    At all times relevant to this Complaint, Plaintiffs and the Class Members have been "employee(s)" of Defendant within the meaning of 29 U.S.C. § 203(e).

4

**ANSWER:** The allegations contained in Paragraph 15 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

16.    At all times relevant to this Complaint, Defendant has been an "employer" of Plaintiffs and the Class Members within the meaning of 29 U.S.C. §203(d).

**ANSWER:** The allegations contained in Paragraph 16 state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.

17.    Chenega is an international security company which provides physical security and fire and emergency management services to U.S. Government customers around the world.

**ANSWER:**  Defendant admits the allegations in Paragraph 17 of Plaintiffs' Complaint.

18.    At all times relevant to this Complaint, Plaintiffs and the putative class members performed labor or services for the benefit of Chenega.

**ANSWER:** Defendant admits that Plaintiff and putative class members performed labor or services for the benefit of Chenega and themselves. Defendant denies the remainder of Paragraph 18 of Plaintiff's Complaint.

19.    Chenega has received revenue for the work performed by Plaintiffs and the putative class members.

**ANSWER:** Defendant admits that it had a contract for security services, and Plaintiffs performed work under that contract. Defendant denies the remaining allegations in Paragraph 19 of Plaintiffs' Complaint.

20.    Kalantari worked as a security guard and sergeant for Defendant at the United States Center for Disease Control ("CDC") campus in Ft. Collins, Colorado from approximately July 2019 until approximately July 2024.

**ANSWER:** Defendant admits the allegations in Paragraph 20 of Plaintiffs' Complaint.

21.    Lage worked as a security guard at the CDC campus in Ft. Collins, Colorado from approximately March 2018 until approximately April 2023.

**ANSWER:** Defendant admits the allegations in Paragraph 21 of Plaintiffs' Complaint.

22.    In approximately April of 2023, Defendant promoted Mr. Lage to a supervisory position where he continued to work for Defendant at the CDC campus in Ft. Collins until approximately May 30, 2024.

**ANSWER:** Defendant admits the allegations in Paragraph 22 of Plaintiffs' Complaint.

23.    Beginning in 2021, Kalantari's agreed-upon hourly rate for all work he performed in the security guard position was approximately $21.00/hour. On approximately December 1, 2023, Kalantari's agreed-upon hourly rate for all work he performed as a security guard was increased to approximately $24.15. On occasion,

6

Defendant also employed Kalantari to perform similar duties as a Sergeant, where his agreed-upon rate at all times during his employment was approximately $26.45/hour.

**ANSWER:** Defendant admits the allegations in Paragraph 23 of Plaintiffs' Complaint.

24.     When Lage began work for Defendant in 2018, his agreed-upon hourly rate of pay was $17.97/hour. In 2021, Defendant increased his hourly rate of pay to $21.45/hour. When he was promoted to a supervisor position, Defendant increased Lage's hourly rate of pay to $25/hour. Finally, in or around December 2023, Defendant increased Plaintiff Lage's hourly rate of pay to $28/hour.

**ANSWER:** Defendant denies that Defendant increased Plaintiff Lage's hourly rate of pay to $21.45/hour in 2021 because his rate of pay was only $21/hour. Defendant admits the remaining allegations in Paragraph 24 of Plaintiffs' Complaint.

25.     Plaintiffs both worked as security guards and/or supervisory security guards at the CDC campus located in Ft. Collins, Colorado throughout all times of their employment for Defendant and were compensated on an hourly wage basis during all times of their employment.

**ANSWER:** Defendant admits the allegations in Paragraph 25 of Plaintiffs' Complaint.

26.     During all times of Kalantari's employment, Defendant regularly required Kalantari to work approximately 42.5 hours a week, and when Defendant employed Plaintiff Kalantari to work as a sergeant, it regularly required him to work in excess of 42.5 hours a week.

7

**ANSWER:**    Defendant denies the allegations in Paragraph 26 of Plaintiffs' Complaint.

27.    During all times of Lage's employment, Defendant regularly required Lage to work between thirty-one and forty-two and a half hours per week.

**ANSWER:**    Defendant denies the allegations in Paragraph 27 of Plaintiffs' Complaint.

28.    On several occasions, Defendant employed Plaintiffs Kalantari and Lage to work shifts of more than 12 hours.

**ANSWER:**    Defendant admits the allegations in Paragraph 28 of Plaintiffs' Complaint.

29.    At numerous times during the relevant time period, Defendant informed Plaintiffs and the putative class members that they were not allowed to leave their post during their meal "break," instructed them to keep their security radios turned on during their meal "breaks," and required them to respond to any communications directed at them or security alerts announced over the radio during their meal "breaks."

**ANSWER:**    Defendant denies the allegations in Paragraph 29 of Plaintiffs' Complaint.

30.    In specific and in addition to other occasions during Mr. Kalantari's employment with Defendant, in August of 2022, Senior Lieutenant Nathan Greenwald interrupted Mr. Kalantari during his meal break. Also, on another occasion during the same time period, Mr. Kalantari was interrupted during his meal break by Captain David

8

Neff. On previous occasions, Defendant threatened Plaintiff Kalantari with disciplinary action if he did not respond to work calls or requests during his meal break.

**ANSWER:** Defendant is with without sufficient information to admit or deny allegations specific to Senior Lieutenant Nathan Greenwald and/or Captain David Neff and therefore denies same. Defendant denies the remaining allegations in Paragraph 30 of Plaintiffs' Complaint.

31. In the fall of 2022, in addition to other interruptions of his meal breaks, Mr. Lage was called out during his designated meal time to perform a vehicle inspection. In addition, in the winter of 2022, Mr. Lage was required to attend a suspicious vehicle training during his meal break, which required him to be present for several hours of instruction.

**ANSWER:** Defendant is without sufficient information to admit or deny the allegations in Paragraph 31 of Plaintiffs' Complaint, and therefore, denies the same.

32. Despite refusing to permit Plaintiffs and the class members the ability to relieve themselves from their work duties during their meal periods, Chenega refused and has continued to refuse to compensate Plaintiffs or the putative class members fully for this work time.

**ANSWER:** Defendant denies the allegations in Paragraph 32 of Plaintiffs' Complaint.

33. During all times material to this Complaint, Defendant has paid Plaintiffs and the putative class members on a semi-monthly basis (usually on the 15th and 30th or 31st days of the month).

9

**ANSWER:** Defendant's payroll payments to Plaintiffs and the putative class members were made on the 10th and 25th of each month. Defendant denies the remaining allegations in Paragraph 33 of Plaintiffs' Complaint.

34. During the three years preceding the filing of this action, Defendant engaged in an illegal policy of splitting up the work week to avoid the payment of overtime.

**ANSWER:** Defendant denies the allegations in Paragraph 34 of Plaintiffs' Complaint.

35. For example, during all times of Plaintiffs' employment, Defendant had established a workweek that ran from Sunday to Saturday. If the pay period ended on a Wednesday and the relevant employee had worked 25 hours in the last calendar week of that pay period (Sunday – Wednesday), and then worked an additional 20 hours during the remainder of that workweek (Thursday – Saturday), Defendant would, at times, issue separate payments for 25 and 20 hours of regular pay during the different pay periods, even though the employee had worked 40 hours of regular time and 5 hours of overtime in the one workweek at issue.

**ANSWER:** Defendant denies the allegations in Paragraph 35 of Plaintiffs' Complaint.

36. Plaintiff Kalantari complained to the company about its policy of splitting up the workweek in 2022 and on other occasions, but the Company did not correct its illegal policy.

**ANSWER:** Defendant denies the allegations in Paragraph 36 of Plaintiffs' Complaint.

10

37.     In addition, Plaintiff Lage, complained to Chenega's project manager about the same issue near the end of 2023, on behalf of himself and another employee of Chenega, but the Company again failed to correct its policy.

**ANSWER:**   Defendant denies the allegations in Paragraph 37 of Plaintiffs' Complaint.

38.     Because of the aforementioned policies of Defendant, Chenega has continually failed to fully pay Plaintiffs and the putative class members all overtime owed to them for hours worked in excess of 40 per week, 12 in a day, or 12 consecutive hours without regard to the start and end time of their workdays.

**ANSWER:**   Defendant denies the allegations in Paragraph 38 of Plaintiffs' Complaint.

39.     In addition, at all times during the relevant time period, Defendant has failed to allow any of the Plaintiffs or putative class members to take their legally required 10-minute rest breaks for each four hours they have worked in a given shift or any major fraction thereof.

**ANSWER:**   Defendant denies the allegations in Paragraph 39 of Plaintiffs' Complaint.

40.     As a result, Defendant has benefited from 10 minutes of work performed by Plaintiffs and the putative class members for each 10-minute rest break they have been deprived of because Defendant has required them to work during this otherwise would be paid rest time.

11

**ANSWER:** Defendant denies the allegations in Paragraph 40 of Plaintiffs' Complaint.

41. Defendant has not paid Plaintiffs or the putative class members supplemental pay to compensate them for the 10-minute rest breaks they have been denied during their employment.

**ANSWER:** Defendant denies the allegations in Paragraph 41 of Plaintiffs' Complaint.

42. Around the end of 2022, the United States Department of Labor Wage and Hour Division ("WHD") commenced an investigation of Chenega for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA").

**ANSWER:** Defendant admits the allegations in Paragraph 42 of Plaintiffs' Complaint.

43. In August 2024, the WHD concluded its investigation finding that Chenega had violated the wage and hour provisions of the FLSA.

**ANSWER:** The findings referenced in Paragraph 43 of Plaintiffs' Complaint speak for themselves. To the extent any allegations in Paragraph 43 of Plaintiffs' Complaint conflict with those findings, Defendant denies the allegations.

44. Chenega is, or by law should be, in possession of the records from which the amount in damages related to Plaintiffs' and the putative class members' cause of action can be calculated.

**ANSWER:** Paragraph 44 of Plaintiffs' Complaint is not a factual allegation to which a response is required. To the extent a response is required Defendant denies the allegations.

45.    In October of 2024, Kalantari sent to Chenega a written demand that Defendant compensate him and his co-workers for their unpaid minimum and overtime wages.

**ANSWER:** The document referenced in Paragraph 45 of Plaintiffs' Complaint speaks for itself. To the extent any allegations in Paragraph 45 of Plaintiffs' Complaint conflict with that document, Defendant denies the allegations.

46.    In November of 2024, Kalantari received a receipt of confirmation of delivery of his demand letter that was sent to Chenega, but has not received any response to his communication to date.

**ANSWER:** The document referenced in Paragraph 46 of Plaintiffs' Complaint speaks for itself. To the extent any allegations in Paragraph 46 of Plaintiffs' Complaint conflict with that document, Defendant denies the allegations.

47.    More than fourteen days passed following the date on which Chenega received Kalantari's written demand for wages, and Defendant failed to remit payment to Kalantari or any other worker during that time period.

**ANSWER:** Defendant denies the allegations in Paragraph 47 of Plaintiffs' Complaint.

48.    Sometime in February of 2025, after the filing of this action, Plaintiffs received notice that they and other members of the Class had been sent purported

reimbursement of wages for their unpaid meal breaks. However, upon examination of the payments, Plaintiffs discovered reimbursement of their unpaid meal breaks was not issued in full.

**ANSWER:** Defendant denies the allegations in Paragraph 48 of Plaintiffs' Complaint.

49.    Chenega has failed to pay Plaintiffs and the putative class members overtime premiums for all hours worked in excess of 40 per week or 12 in a day or 12 consecutive hours regardless of the start and end time of their workdays, has failed to provide compensated 10-minute rest breaks to Plaintiffs and the putative class members, and has failed to pay Plaintiffs and the putative class members all earned, vested, and determinable wages, in violation of the Colorado Constitution, Const. Art. 18, § 15, the Colorado Wage Act, C.R.S. 8-4-101 et seq., ("CWA"), and the Colorado Overtime and Minimum Pay Standards Order ("COMPS Order"), 7 CCR 1103-1.

**ANSWER:** Defendant denies the allegations in Paragraph 49 of Plaintiffs' Complaint.

50.    In addition, Chenega has failed to pay Plaintiffs and the putative class members all their overtime wages due under Section 207 of the FLSA.

**ANSWER:** Defendant denies the allegations in Paragraph 50 of Plaintiffs' Complaint.

51.    Plaintiffs' and the putative class members' claims for unpaid wages and overtime under the CWA are limited to three years before the filing of this Complaint and toll until the resolution of this action.

14

**ANSWER:** Paragraph 51 of Plaintiffs' Complaint is not a factual allegation to which a response is required. To the extent a response is required, Defendant denies the allegations.

52.  Accordingly, Defendant is liable to Plaintiffs and the putative class members for back wages, statutory damages and penalties, pre- and post-judgment interest, liquidated and penalty damages, reasonable attorney's fees and the costs of litigation, under the above referenced laws.

**ANSWER:** Defendant denies the allegations in Paragraph 52 of Plaintiffs' Complaint.

## CLASS ALLEGATIONS

53.  Plaintiffs hereby incorporate the allegations in each of the foregoing paragraphs as though fully set forth herein.

**ANSWER:** Defendant incorporates by reference all of its prior factual averments, denials, and defenses.

54.  In addition to bringing their claims individually, Plaintiffs also bring this case as a class action on behalf of a class of all similarly situated employees (the "Chenega Class"), and a sub-class there within (the "Overtime Class"), pursuant to C.R.C.P. 23.

**ANSWER:** Paragraph 54 of Plaintiffs' Complaint is not a factual allegation to which a response is required. To the extent a response is required, Defendant denies the allegations.

55.    Plaintiffs additionally also bring a collective action on behalf of the Collective Action Class, pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b).

**ANSWER:**  Paragraph 55 of Plaintiffs' Complaint is not a factual allegation to which a response is required. To the extent a response is required, Defendant denies the allegations.

## **RULE 23 CLASS ACTION ALLEGATIONS**

56.    The Chenega Class is defined as follows:

All non-exempt hourly employees who were employed by Chenega as officers, lieutenants, captains and/or sergeants performing guard duties at the Centers for Disease Control campus (CDC) in Ft. Collins, Colorado at any time during the time period dating back from three years prior to the filing of this Complaint until and through the present, who worked more than 2 hours during any given work shift with respect to breaks and worked more than 5 hours in any work shift with respect to meal breaks.

**ANSWER:**  Paragraph 56 of Plaintiffs' Complaint is not a factual allegation to which a response is required. To the extent a response is required, Defendant denies the allegations.

57.    The Class satisfies the prerequisites and requirements of C.R.C.P. 23 because:

a.    The Chenega Class consists of at least fifty employees, and individual joinder of all such employees is impracticable but easily determinable through the employment records of the Defendant;

16

b.  There are questions of law and fact that are common to the Chenega

Class, which questions predominate over issues affecting only

individual Class Members, including:

i.  Whether Chenega had a policy or practice of failing to properly

compensate hourly employees for work they performed during

their meal breaks;

ii.  Whether Chenega required the Chenega Class Members to

perform work during their meal breaks;

iii.  Whether Chenega permitted Plaintiffs and the Chenega Class

Members to take a ten-minute rest break for every 4 hours or

major fraction thereof that they worked in a given work shift:

iv.  Whether Chenega's policies or practices violated the CWA;

v.  The nature of the damages due to Plaintiffs and the Chenega

Class Members for Chenega's violations of the CWA; and

vi.  Whether Chenega's violations of the CWA were willful, as alleged.

**ANSWER:**  Paragraph 57 of Plaintiffs' Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

58.  The Plaintiffs' claims are typical of the Chenega Class Members' claims in that, like all other members of the purported class, and for the same reasons, they were not properly granted 10-minute rest breaks, not compensated for work they performed

17

during their unpaid rest breaks, and/or not fully compensated for all overtime hours they worked.

**ANSWER:** Defendant denies the allegations in Paragraph 58 of Plaintiffs' Complaint.

59. The Plaintiffs will fairly and adequately protect the interests of the Chenega Class. They have retained counsel that is experienced in wage and hour class litigation. The Plaintiffs and their counsel are free from any conflicts of interest that might prevent them from pursuing this action on behalf of the Chenega Class.

**ANSWER:** Paragraph 59 of Plaintiffs' Complaint is not a factual allegation to which a response is required. To the extent a response is required, Defendant denies the allegations.

60. The prosecution of this case as a class action is superior to other methods of adjudication. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Chenega and potentially conflicting results for the more than 50 individual Chenega workers in matters involving relatively small individual amounts of damages.

**ANSWER:** Paragraph 60 of Plaintiffs' Complaint is not a factual allegation to which a response is required. To the extent a response is required, Defendant denies the allegations.

18

61.     Adjudications with respect to individual Class Members would, as a practical matter, be dispositive to the interests of the other Class Members or substantially impair or impede their ability to protect their interests.

**ANSWER:** Paragraph 61 of Plaintiffs' Complaint is not a factual allegation to which a response is required. To the extent a response is required, Defendant denies the allegations.

62.     Moreover, Chenega has acted on grounds generally applicable to the Chenega Class.

**ANSWER:** Paragraph 62 of Plaintiffs' Complaint is not a factual allegation to which a response is required. To the extent a response is required, Defendant denies the allegations.

63.     On information and belief, no Chenega Class Member has expressed any interest in controlling the prosecution of a separate action or commenced their own litigation.

**ANSWER:** Defendant is without sufficient information to admit or deny the allegations in Paragraph 63 of Plaintiffs' Complaint, and therefore, denies the same.

64.     Because of the uniformity of claims alleged in this Complaint and the fact that the Chenega Class claims will be the subject of representative documentary evidence and testimony that the law requires the Defendant to maintain with respect to all class members, this matter will be easy for the Court to manage within this jurisdiction and venue.

**ANSWER:** Paragraph 64 of Plaintiffs' Complaint is not a factual allegation to which a response is required. To the extent a response is required, Defendant denies the allegations.

65. Within the larger Chenega Class of plaintiffs, Plaintiffs assert claims on behalf of a sub-class, known as the "Overtime Sub-Class").

**ANSWER:** Paragraph 65 of Plaintiffs' Complaint is not a factual allegation to which a response is required. To the extent a response is required, Defendant denies the allegations.

### Overtime Sub-Class Allegations

66. Plaintiffs hereby incorporate the allegations of the foregoing paragraphs as though set forth fully herein.

**ANSWER:** Defendant incorporates by reference all of its prior factual averments, denials, and defenses.

67. Within the Chenega Class, Plaintiffs additionally bring claims on behalf of a subclass of individuals known as the "Overtime Sub-Class."

**ANSWER:** Paragraph 67 of Plaintiffs' Complaint is not a factual allegation to which a response is required. To the extent a response is required, Defendant denies the allegations.

68. The Overtime Sub-Class is defined as:

> All members of the Chenega Class who worked more than forty (40) hours in any given work week, or more than twelve (12) hours consecutively, during the time period commencing three years prior to the date of the filing of this Complaint and stretching up until and through the present.

20

**ANSWER:** Paragraph 68 of Plaintiffs' Complaint is not a factual allegation to which a response is required. To the extent a response is required, Defendant denies the allegations.

69.    The Class satisfies the prerequisites and requirements of C.R.C.P. 23 because:

a.    There are questions of law and fact that are common to the Overtime Sub-Class, which questions predominate over issues affecting only individual sub-Class Members, including:

i. Whether Chenega's practice of splitting up payment for hours worked in the same work week deprived Plaintiffs and the Chenega Class Members of overtime pay;

ii. Whether Chenega properly compensated Plaintiffs and the Overtime Sub-Class Members at the applicable overtime rate when it required Plaintiffs and the Overtime Sub-Class Members to perform work during their meal breaks during a work week in which they worked more than forty (40) hours combined

iii.    Whether Chenega's policies or practices violated the CWA;

iv.    The nature of the damages due to Plaintiffs and the Overtime sub-Class Members for Chenega's violations of the CWA; and

v. Whether Chenega's violations of the overtime provisions of the CWA were willful, as alleged.

**ANSWER:** Paragraph 69 of Plaintiffs' Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

70.    The Plaintiffs' claims are typical of the Overtime Sub-Class Members' claims in that, like all other members of the purported sub-class, and for the same reasons, they were not fully compensated for all overtime hours they worked.

**ANSWER:** Paragraph 70 of Plaintiffs' Complaint is not a factual allegation to which a response is required. To the extent a response is required, Defendant denies the allegations.

71.    The Plaintiffs will fairly and adequately protect the interests of the Overtime Sub-Class. They have retained counsel that is experienced in wage and hour class litigation. The Plaintiffs and their counsel are free from any conflicts of interest that might prevent them from pursuing this action on behalf of the Overtime Sub-Class.

**ANSWER:** Paragraph 71 of Plaintiffs' Complaint is not a factual allegation to which a response is required. To the extent a response is required, Defendant denies the allegations.

72.    The prosecution of this case as a class action is superior to other methods of adjudication. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Chenega and potentially conflicting results in matters involving numerous workers and relatively small individual amounts of damages.

**ANSWER:** Paragraph 72 of Plaintiffs' Complaint is not a factual allegation to which a response is required. To the extent a response is required, Defendant denies the allegations.

73. Adjudications with respect to individual sub-class members would as a practical matter be dispositive to the interests of the other sub-class members or substantially impair or impede their ability to protect their interests.

**ANSWER:** Paragraph 73 of Plaintiffs' Complaint is not a factual allegation to which a response is required. To the extent a response is required, Defendant denies the allegations.

74. Moreover, Chenega has acted on grounds generally applicable to the Overtime Sub-Class.

**ANSWER:** Paragraph 74 of Plaintiffs' Complaint is not a factual allegation to which a response is required. To the extent a response is required, Defendant denies the allegations.

75. On information and belief, no Overtime Sub-Class Member has expressed any interest in controlling the prosecution of a separate action or commenced their own litigation.

**ANSWER:** Defendant is without sufficient information to admit or deny the allegations in Paragraph 75 of Plaintiffs' Complaint, and therefore, denies the same.

76. Because of the uniformity of claims alleged in this Complaint and the fact that the Overtime Sub-Class claims will be the subject of representative documentary evidence and testimony that the law requires the Defendant to maintain with respect to

all sub-class members, this matter will be easy for the Court to manage within this jurisdiction and venue.

**ANSWER:** Paragraph 76 of Plaintiffs' Complaint is not a factual allegation to which a response is required. To the extent a response is required, Defendant denies the allegations.

## COLLECTIVE ACTION (216)(b) CLASS ALLEGATIONS

77.     Plaintiffs hereby incorporate all of the foregoing paragraphs as though fully set forth herein.

**ANSWER:** Defendant incorporates by reference all of its prior factual averments, denials, and defenses.

78.     The FLSA Collective Action Overtime Class ("Collective Action Class") is hereby defined as:

> All members of the Chenega Class who worked more than forty (40) hours in any given work week, during the time period commencing three years prior to the date of the filing of this Complaint and stretching up until and through the present.

**ANSWER:** Paragraph 78 of Plaintiffs' Complaint is not a factual allegation to which a response is required. To the extent a response is required, Defendant denies the allegations.

79.     Collective Action treatment of Plaintiffs' FLSA claims is appropriate because Plaintiffs and the Collective Action Class have been subjected to the common business practices of Defendant consisting of its failure to compensate Plaintiffs and the Collective Action Class Members for work they performed during their automatically deducted meal breaks, and its splitting up of the work week to avoid the payment of overtime, as

24

referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including, inter alia:

   a. Whether Defendant compensated Plaintiffs and the Collective Action Class Members at the applicable overtime rate for all meal breaks they worked through during a week in which they also worked in excess of forty (40) hours total;

   b. Whether Defendant's practice of splitting up the workweek deprived Plaintiffs and the Collective Action Class Members of overtime pay;

   c. Whether Defendant's practices as to the payment of overtime violated Section 207 of the FLSA; and

   d. Whether Defendant's violations were willful within the meaning of Section 255 of the FLSA.

**ANSWER:** Paragraph 79 of Plaintiffs' Complaint is not a factual allegation to which a response is required. To the extent a response is required, Defendant denies the allegations.

80. Plaintiffs and the Collective Action Class have been similarly affected by the violations of Defendant, which amount to a single decision, policy or plan to avoid paying all earned overtime wages.

**ANSWER:** Defendant denies the allegations in Paragraph 80 of Plaintiffs' Complaint.

81. Plaintiffs are similarly situated to the other Collective Action Class members and will prosecute this action vigorously on their behalf.

**ANSWER:** Paragraph 81 of Plaintiffs' Complaint is not a factual allegation to which a response is required. To the extent a response is required, Defendant denies the allegations.

82. A collective action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

**ANSWER:** Paragraph 82 of Plaintiffs' Complaint is not a factual allegation to which a response is required. To the extent a response is required, Defendant denies the allegations.

## COUNT I:
VIOLATIONS OF THE COLORADO WAGE AND HOUR LAW
C.R.S. § 8-4-101 et seq.; 7 CCR 1103-1
Failure to Pay Overtime Premiums
**On Behalf of Plaintiffs and the Overtime Sub-Class Members**

83. Plaintiffs hereby incorporate the allegations in each of the foregoing paragraphs as though fully set forth herein.

**ANSWER:** Defendant incorporates by reference all of its prior factual averments, denials, and defenses.

84. At all times relevant to this Complaint, Defendant has been the Plaintiffs' and the Overtime Sub-Class Members' employer" under the CWA. C.R.S. § 8-4-101(6) ("'Employer has the same meaning as set forth in the federal 'Fair Labor Standards Act', 29 U.S.C. sec. 203(d)") and 7 CCR 1103-1, Rule 1.6.

26

**ANSWER:** Paragraph 84 of Plaintiffs' Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

85.    At all times relevant to this Complaint, Plaintiffs and the Overtime Sub-Class Members were or have been Defendant's "employee[s]" under the CWA. C.R.S. § 8-4-101(5) and 7 CCR 1103-1, Rule 1.5.

**ANSWER:** Paragraph 85 of Plaintiffs' Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

86.    Defendant has regularly employed Plaintiffs and the Overtime Sub-Class Members to work in excess of 40 hours in a work week.

**ANSWER:** Defendant denies the allegations in Paragraph 86 of Plaintiffs' Complaint.

87.    During all times of Plaintiffs and the Overtime Sub-Class Members' employment, Defendant has required Plaintiffs and the Class Members to work through their unpaid meal breaks.

**ANSWER:** Defendant denies the allegations in Paragraph 87 of Plaintiffs' Complaint.

88.    In addition, Defendant has maintained a consistent practice of splitting up the hours Plaintiff and the Overtime Sub-Class Members have worked between pay periods, thereby which it has avoided the payment of overtime premiums to Plaintiffs and the Overtime Sub-Class Members.

27

**ANSWER:** Defendant denies the allegations in Paragraph 88 of Plaintiffs' Complaint.

89. For all times the defendant required Plaintiffs and the Overtime Sub-Class Members to work during a meal period in a week which Plaintiffs and the Overtime Sub-Class Members worked overtime, Defendant owes them back wages at their applicable overtime rate.

**ANSWER:** Defendant denies the allegations in Paragraph 89 of Plaintiffs' Complaint.

90. In addition, Defendant owes Plaintiffs and the overtime Sub-Class Members overtime pay for all hours they have worked over forty (40) in a given work week, but were not compensated for at the premium rate because Defendant has not properly record the total hours they worked in the established work week.

**ANSWER:** Defendant denies the allegations in Paragraph 90 of Plaintiffs' Complaint.

91. Because Chenega was aware, or should have been aware, that its conduct has violated the CWA, but nevertheless failed to pay Plaintiffs and the Overtime Sub-Class Members their overtime wages, its violations are willful.

**ANSWER:** Defendant denies the allegations in Paragraph 91 of Plaintiffs' Complaint.

92. As a result, Chenega has failed to pay Plaintiffs and the Overtime Sub-Class Members at their overtime rate for all hours worked in excess of 40 per week, or 12 in a

28

day regardless of start and end time, during the time period beginning three years preceding the filing of this Complaint up until and through the filing of this Complaint.

**ANSWER:** Defendant denies the allegations in Paragraph 92 of Plaintiffs' Complaint.

93.    Defendant's failure to fully pay Plaintiffs and the Overtime Sub-Class Members back pay will make it liable not simply for back wages, but also statutory damages, penalties and liquidated damages set out in the above law, along with reasonable attorney's fees, pre-and post-judgment interest and litigation costs, as will be proven at trial.

**ANSWER:** Defendant denies the allegations in Paragraph 93 of Plaintiffs' Complaint.

**COUNT II:**
VIOLATIONS OF THE COLORADO WAGE AND HOUR LAW
C.R.S. § 8-4-101 et seq.; 7 CCR 1103-1, Rule 5.1
Failure to Comply with State Rest and Meal Break Requirements
**On Behalf of Plaintiffs and the Chenega Class Members**

94.    Plaintiffs hereby incorporate the allegations in each of the foregoing paragraphs as though fully set forth herein.

**ANSWER:** Defendant incorporates by reference all of its prior factual averments, denials, and defenses.

95.    Under Colorado law, employees are entitled to paid ten-minute rest breaks, for every four hours of work, or major portions thereof. 7 CCR 1103-1, Rule 5.2.

**ANSWER:** The Rule referenced in Paragraph 95 of Plaintiffs' Complaint speaks for itself. To the extent any allegations in Paragraph 95 of Plaintiffs' Complaint conflict with that Rule, Defendant denies the allegations.

96. In addition, under Colorado law, employees are entitled to a thirty minute unpaid meal break. If an employee is required to perform work during a meal break, he/she must be compensated for the entire duration of the 30-minute meal break. *See* 7 CCR 1103-1, Rule 5.2.

**ANSWER:** The Rule referenced in Paragraph 96 of Plaintiffs' Complaint speaks for itself. To the extent any allegations in Paragraph 96 of Plaintiffs' Complaint conflict with that Rule, Defendant denies the allegations.

97. Defendant has failed to provide Plaintiffs and the Class Members rest breaks at any time during the during the three years preceding the filing of this action.

**ANSWER:** Defendant denies the allegations in Paragraph 97 of Plaintiffs' Complaint.

98. In addition, Defendant has regularly required Plaintiffs and the Chenega Class Members to work during their meal breaks

**ANSWER:** Defendant denies the allegations in Paragraph 98 of Plaintiffs' Complaint.

99. For every rest break Plaintiffs and the Class Members have been denied, Chenega has effectively extended their shifts by 10 minutes without compensation for that time. 7 CCR 1103-1, Rule 5.2.4.

**ANSWER:** Defendant denies the allegations in Paragraph 99 of Plaintiffs' Complaint.

100. Defendant, by automatically deducting 30 minutes of time from the Plaintiffs and Class Members shifts, regardless of whether they actually received a 30-minute uninterrupted meal period, has failed to fully compensate Plaintiff and the Chenega Class Members for work they have been required to perform during their meal breaks.

**ANSWER:** Defendant denies the allegations in Paragraph 100 of Plaintiffs' Complaint.

101. Rest periods must be paid at either the employee's agreed upon rate of pay, or the legally required rate of pay, whichever is higher. 7 CCR 1103-1, Rule 5.2.4.

**ANSWER:** The Rule referenced in Paragraph 101 of Plaintiffs' Complaint speaks for itself. To the extent any allegations in Paragraph 101 of Plaintiffs' Complaint conflict with that document, Defendant denies the allegations.

102. Because Defendant has regularly required Plaintiffs and the Class Members to work in excess of forty (40) hours a week, Plaintiffs and the Chenega Class Members are owed back pay for each rest break they have been denied at their applicable overtime rate for all rest breaks they have been denied during weeks in which they also worked in excess of forty (40) hours.

**ANSWER:** Defendant denies the allegations in Paragraph 102 of Plaintiffs' Complaint.

103.    For workweeks in which Plaintiffs and the Class Members have worked forty (40) hours or less and were denied 10-minute rest breaks, Defendant owes Plaintiffs and the Chenega Class Members unpaid wages for that time at their regular rate of pay.

**ANSWER:**    Defendant denies the allegations in Paragraph 103 of Plaintiffs' Complaint.

104.    The records of Plaintiffs' and the Chenega Class Members' number of rest breaks owed are or should be in the exclusive control of the Defendant.

**ANSWER:**    Defendant denies the allegations in Paragraph 104 of Plaintiffs' Complaint.

105.    Because Chenega was aware, or should have been aware, that its conduct has violated the CWA, but nevertheless failed to provide compensated 10-minute rest breaks and/or uninterrupted meal breaks to Plaintiffs and the Chenega Class members, its violations are willful.

**ANSWER:**    Defendant denies the allegations in Paragraph 105 of Plaintiffs' Complaint.

106.    Chenega has failed to and continues to fail to provide all rest and uninterrupted meal breaks as required by law, and as a result owes Plaintiffs and the Class Members for such back wages, statutory damages, along with reasonable attorney's fees, pre- and post-judgment interest and litigation costs, as will be proven at trial, and subject to the conditions of controlling law cited above.

**ANSWER:**    Defendant denies the allegations in Paragraph 106 of Plaintiffs' Complaint.

**COUNT III:**
VIOLATIONS OF THE FLSA'S OVERTIME PROVISIONS
29 U.S.C. § 207
**On Behalf of Plaintiffs and the Collective Action Class Members**

107.   Plaintiffs hereby incorporate all preceding paragraphs of this Complaint as though set forth fully herein.

**ANSWER:** Defendant incorporates by reference all of its prior factual averments, denials, and defenses.

108.   At all times relevant to this Complaint, Defendant Chenega has been an "employer" of Plaintiffs and the Collective Action Class Members within the meaning of 29 U.S.C. § 203(d).

**ANSWER:**  Paragraph 108 of Plaintiffs' Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

109.   At all times relevant to this Complaint, Plaintiffs and the Collective Action Class Members have ben "employee(s)" of Defendant within the meaning of 29 U.S.C. § 203(e).

**ANSWER:**  Paragraph 109 of Plaintiffs' Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

110.   During the three years preceding the filing of this action, Plaintiffs and the Collective Action Class Members have regularly worked in excess of 40 hours per week.

**ANSWER:**   Defendant denies the allegations in Paragraph 110 of Plaintiffs' Complaint.

33

111.   During the three years preceding the filing of this action, Defendant has required Plaintiffs and the Collective Action Class Members to work through their unpaid meal breaks.

**ANSWER:**   Defendant denies the allegations in Paragraph 111 of Plaintiffs' Complaint.

112.   Defendant has failed to fully compensate Plaintiffs and the Collective Action Class Members for all of the work they performed during their meal breaks at the overtime rate, when applicable, for all hours they worked.

**ANSWER:**   Defendant denies the allegations in Paragraph 112 of Plaintiffs' Complaint.

113.   During the three years preceding the filing of this action, Defendant has maintained a consistent practice of splitting up the hours Plaintiff and the Collective Action Class Members have worked between pay periods, thereby which it has avoided the payment of overtime premiums to Plaintiffs and the Collective action Class Members.

**ANSWER:**   Defendant denies the allegations in Paragraph 113 of Plaintiffs' Complaint.

114.   Accordingly, Chenega has failed to pay Plaintiffs and the Collective Action Class Members at their overtime rate for all hours worked in excess of 40 per week during the time period beginning three years preceding the filing of this Complaint up until and through the filing of this Complaint.

34

**ANSWER:** Defendant denies the allegations in Paragraph 114 of Plaintiffs' Complaint.

115. Defendant's conduct has been willful, in the sense that Defendant knew or should have known its above-described actions violated the FLSA.

**ANSWER:** Defendant denies the allegations in Paragraph 115 of Plaintiffs' Complaint.

116. Accordingly, Plaintiffs and the Class Action Class Members are entitled to, pursuant to Section 216(b) of the FLSA, their unpaid overtime wages, plus an equal amount in liquidated damages, and reasonable costs and attorneys' fees associated with the bringing of this action.

**ANSWER:** Defendant denies the allegations in Paragraph 116 of Plaintiffs' Complaint.

## As To "Prayer for Relief"

Defendant denies that Plaintiffs are entitled to the relief requested in the WHEREFORE clause following the claims for relief.

## GENERAL DENIAL

Defendant denies each and every allegation not specifically admitted to in Plaintiffs' Complaint.

\*    \*    \*

## AFFIRMATIVE DEFENSES

1. Defendant has not violated any rights or privileges of Plaintiffs under any federal, state, or local laws.

35

2.    Plaintiffs' claims for damages may be barred, in whole or in part, by their failure to mitigate their damages.

3.    Plaintiffs' claims may be barred, in whole or in part, by the after-acquired evidence doctrine.

4.    Plaintiffs' claims are barred to the extent Plaintiffs failed to take advantage of preventative or corrective opportunities provided by Defendant's policies and practices, or to avoid harm otherwise.

5.    Defendant acted toward Plaintiffs in good faith, and likewise acted in good faith in its efforts to comply with applicable laws.

6.    Any special damages Plaintiffs seek that they have not pled with specificity are barred.

7.    Plaintiffs' claims may be barred in whole or in part by the doctrine of unclean hands, waiver, estoppel, and/or other equitable defenses.

8.    Plaintiffs' claims are or may be barred, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and set offs under applicable laws.

9.    Defendant reserves the right to rely on any and all further defenses that become available or appear during discovery in this action or otherwise and specifically reserves the right to amend its Answer for purposes of asserting such additional defenses.

WHEREFORE, Defendant asks the Court to enter judgment in its favor, dismiss Plaintiffs' Complaint with prejudice and award Defendant its costs, reasonable attorney's fees, and other costs allowable by law, and whatever additional relief the court deems just and proper.

Respectfully submitted this 22nd day of April, 2025.

JACKSON LEWIS P.C.


*s/ Ryan P. Lessmann*
Ryan P. Lessmann
Grant T. Spillers
950 17th Street, Suite 2600
Denver, Colorado 80202
Telephone: (303) 892-0404
Ryan.Lessmann@jacksonlewis.com
Grant.Spillers@jacksonlewis.com

*ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I certify that on this 22nd day of April, 2025, a true and correct copy of the foregoing

**ANSWER AND DEFENSES TO PLAINTIFFS' AMENDED INDIVIDUAL CLASS AND**

**COLLECTIVE ACTION COMPLAINT** was filed and served electronically via CM/ECF,

addressed to the following:

Trent R. Taylor
David H. Miller
THE WILHITE & MILLER LAW FIRM
1600 N. Ogden Street
Denver, CO 80218
ttaylor@wilhitelawfirm.com
dhmiller@wilhitelawfirm.com

*Attorney for Plaintiffs*

*s/ Felicia Sargent*
For Jackson Lewis P.C.

4914-8764-1391, v. 2

38